IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **35NB LLC** | § | **Case No. 20-31457** |
| | § | |
| | § | |
| **Debtors.** | § | |

**COMAL COUNTY, TEXAS' OBJECTION TO 35NB LLC PLAN OF
REORGANIZATION**
[ECF 40]

NOW COMES  The County of Comal, Texas, (hereinafter "Comal County") and files

this objection to 35NB LLC Plan of Reorganization (the "Plan") and would respectfully show the

Court the following:

1.  Comal County, a duly organized governmental unit of the State of Texas, is the holder of

a claim for post-petition ad valorem real and business personal property taxes for tax year

2020 assessed against the property of the Debtors in the estimated amount of $72,048.47.

2. Comal County's claims are secured by unavoidable, first priority, perfected liens on all of the Debtors' real and business personal property pursuant to Texas Tax Code Section 32.01 and 32.05 and 11 U.S.C. Section 362(b)(18).[1] *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App. – Eastland 1995). These liens arise on January 1 of each tax year along with the property owner's personal liability for the ad valorem taxes and attach to the property by operation of law. Tex. Prop. Tax Code 32.01; 11 U.S.C. Sec. 362(b)(18). Texas Tax Code Section 32.01 provides:

    (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

    (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires

    (c) ..

    (d) The lien under this section is perfected on attachment and ... perfection requires no further action by the taxing unit.

11 U.S.C. Section 362(b)(18) allows the attachment of liens that secure taxes that come due postpetiton.

> (b)     ... a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

3. Comal County objects to confirmation of the Plan because it does not provide for when Comal County shall receive payment of their claim. Comal County is still entitled to post-petition pre Effective Date interest and post Effective Date interest at the state statutory rate of 1% per month and 12% per annum, respectively, to the extent that the taxes are not paid in full prior to the delinquency date, pursuant to 11 U.S.C. Sections 506(b), 511 and 1129. Comal County has the right to know if the Debtors intend to pay their claim in installments or in one lump sum, the number of installments that the Debtors contemplate and when they should expect the first installment payment or the lump sum payment of their claim. The Plan does not provide any of these details.

4. Comal County objects to confirmation of the Plan because it violates the provisions of 11 U.S.C. Section 503(b)(1)(D) which very specifically states that a governmental unit is not required to file a request for payment of an administrative expense as a condition of allowance.

WHEREFORE, Comal County objects to the Debtor's Plan and requests this Court to order appropriate provisions to assure the protection of the position of their claims and further request other such relief as is just and proper.

Dated: November 24, 2020

Respectfully Submitted,

**McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

By:    */s/ Tara LeDay*
       Tara LeDay (TX 24106701)
       P. O. Box 1269
       Round Rock, TX 78680-1269
       Telephone:  (512) 323-3200
       Fax:  (512) 323-3500
       Email:  tleday@mvbalaw.com
       *Attorney for Comal County*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 24, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

*/s/ Tara LeDay*
Tara LeDay

Debtor:
**35NB LLC**
6030 South Rice Avenue
Suite C
Houston, TX 77081

Debtor Attorney:
**Nelson M Jones, III**
Law Office of Nelson M. Jones III
440 Louisiana
Suite 1575
Houston, TX 77002

U.S. Trustee:
**Hector Duran, Jr**
U.S. Trustee
515 Rusk
Ste 3516
Houston, Tx 77002